IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Joseph A. MALEK, Attorney at
Law.

Supreme Court

*No. 89-2227-D. Filed April 3, 1990.*

(Also reported in 452 N.W.2d 794.)

## PER CURIAM.

The referee in this disciplinary proceeding, Attor-
ney Charles Van Sickle, recommended that the license of
Joseph A. Malek to practice law in Wisconsin be sus-
pended for a period of two years as discipline reciprocal
to that imposed on him by the Supreme Court of Illinois
on March 29, 1989 for professional misconduct. Attor-
ney Malek resides and practices in LaGrange Park, Illi-
nois and was licensed to practice law in Wisconsin in
1975.

Attorney Malek never personally notified the Board
of the two-year license suspension in Illinois; the Illinois

disciplinary authorities informed the Board of it but not until July 24, 1989. The referee found that Attorney Malek violated this court's rule, SCR 22.25(1),* requiring an attorney admitted to practice in Wisconsin to inform the administrator of the Board of Attorneys Professional Responsibility of public discipline imposed by another jurisdiction within 20 days of the effective date of that discipline.

IT IS ORDERED that the license of Joseph A. Malek to practice law in Wisconsin is suspended for a period of two years, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Joseph A. Malek pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Joseph A. Malek to practice law in Wisconsin shall be suspended until further order of the court.

---

*SCR 22.25(1) provides:

**Reciprocal discipline.** (1)   An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.