IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joseph A. MALEK, Attorney at Law.

Supreme Court

*No. 95-0548-D. Filed April 28, 1995.*

(Also reported in 531 N.W.2d 53.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

This is a review of the stipulation filed pursuant to SCR 21.09(3m)[1] setting forth facts and conclusions of

---

[1] SCR 21.09 provides, in part:

**Procedure.**

law concerning the professional misconduct of Attorney Joseph A. Malek and specifying discipline to be imposed for it. The court adopts the stipulated facts and conclusions of law and suspends the license of Attorney Malek to practice law in Wisconsin for one year, as he and the Board of Attorneys Professional Responsibility stipulated. That license suspension, retroactive to September 23, 1994, is reciprocal to the one-year license suspension imposed on him by the Illinois Supreme Court as discipline for his protracted neglect of a client's probate matter and his failure to complete the probate, which resulted in substantial monetary damages to the client.

Attorney Malek was licensed to practice law in Wisconsin in 1975. He was admitted to the Illinois bar in 1960, has conducted his practice in that state, and currently resides in LaGrange Park, Illinois. In 1990, the court suspended his license to practice law in Wisconsin for two years as discipline reciprocal to the suspension imposed upon him in Illinois in 1989 for professional misconduct. *Disciplinary Proceedings Against Malek,* 154 Wis. 2d 197, 452 N.W.2d 794 (1989). Attorney Malek has not sought reinstatement of his license and that suspension remains in effect.

. . .

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

Attorney Malek and the Board stipulated that Attorney Malek's neglect to proceed with the probate of an estate in Illinois from March, 1982 to October, 1990, and his failure to close that estate, file an account and make a final distribution of its assets would constitute violations of former SCR 20.32(3),[2] proscribing an attorney's neglect of a client's legal matter, and former SCR 20.35(1)(c),[3] prohibiting an attorney from causing prejudice or damage to a client during the course of representation.

The parties stipulated and the court orders that the one-year license suspension imposed in this proceeding be retroactive to the commencement of the license suspension imposed in Illinois. That retroactivity is based on the fact that Attorney Malek promptly notified the Board of his Illinois suspension and has refrained from the practice of law in Wisconsin since the suspension this court imposed on him in 1990.

IT IS ORDERED that the license of Joseph A. Malek to practice law in Wisconsin is suspended for a period of one year, commencing September 23, 1994, as discipline for professional misconduct.

---

[2] Former SCR 20.32 provided, in part:

**Failing to act competently.** A lawyer may not:

. . .

(3) Neglect a legal matter entrusted to the lawyer.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.2.

[3] Former SCR 20.35 provided, in part:

**Representing a client zealously.** (1) A lawyer may not intentionally:

. . .

(c) Prejudice or damage the client during the course of the professional relationship, except as required under SCR 20.36(2)

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

69

IT IS FURTHER ORDERED that Joseph A. Malek comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.